NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3255

THERESA A. MOSQUEDA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  January 13, 2005

_____

Before MICHEL, <u>Chief Judge</u>, RADER and LINN, <u>Circuit Judges</u>.

PER CURIAM

Appellant, Theresa A. Mosqueda, seeks review of the Merit Systems Protection Board's (Board's) final decision, affirming the Office of Personnel Management's (OPM's) denial of her application to increase her spousal survivor annuity.  <u>Mosqueda v. Office of Personnel Mgmt.</u>, No. SE-0831-02-0396-I-1 (MSPB Mar 4, 2004) (<u>Final Decision</u>).  Because the Board's decision is in accordance with law, this court <u>affirms</u>.

BACKGROUND

Albert Mosqueda, the annuitant in this matter, worked as a Supervisory General Supply Specialist at the General Services Administration.  In December 1994, Mr. Mosqueda sought immediate retirement under the Civil Service Retirement System (CSRS).  In his application, Mr. Mosqueda elected a partial survivor annuity, namely

55% of $10,000 per year for his wife. Mrs. Mosqueda signed the requisite spousal consent form on December 23, 1994. In January 1995, Mr. Mosqueda retired and in March 1995, his monthly annuity payments commenced.

In May 1997, over two years after his retirement, Mr. Mosqueda filed a request with OPM to change his survivor annuity election. OPM denied this request as untimely, noting the eighteen-month deadline under 5 U.S.C. § 8339 (o)(1)(B). On appeal, the Board affirmed the OPM denial in an initial determination. Mosqueda v. Office of Personnel Mgmt., No. CH-0831-98-0364-I-1 (MSPB Nov. 17, 1998). The Board's initial determination became final absent Mr. Mosqueda's petition for review.

On September 3, 2000, Mr. Mosqueda died. In her application for CSRS survivor annuity, Mrs. Mosqueda requested the full annuity rather than the partial annuity as provided for in her husband's election. OPM denied her request. On appeal, the Board affirmed OPM's denial of a full annuity in an initial decision. Mosqueda v. Office of Personnel Mgmt., No. SE-0831-02-0396-I-1 (MSPB Jan. 27, 2003). Mrs. Mosqueda filed a petition for review, which the Board denied. Final Decision, slip op. at 2. Mrs. Mosqueda now appeals to this court.

DISCUSSION

By statute, this court's review of a final decision from the Board is limited. A Board decision may not be set aside unless it is: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000).

On appeal, Mrs. Mosqueda argues for the first time that her husband fraudulently obtained her signature on the spousal consent form. Specifically, Mrs. Mosqueda contends that her husband intentionally misled her into believing that the survivor annuity election could be changed up until he reached the age of 55. Mrs. Mosqueda posits that her husband lied about the 18 month deadline to avoid receiving lower retirement payments.

This court refrains from considering newly-raised arguments on appeal. See generally Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court. Thus, if the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue." (citations omitted)). Here, the record reflects that Mrs. Mosqueda never argued to the Board that her husband fraudulently induced her consent to the partial survivor annuity. In fact, Mrs. Mosqueda's initial hearing transcript reflects her belief at that time that her husband was misinformed that he could change his election until he reached the age of fifty-five. Accordingly, this court does not address Mrs. Mosqueda's new argument on appeal.

Moreover, the Board's finding that Mr. and Mrs. Mosqueda's reliance on any misinformation may not estop the government from denying full survivor annuity finds more than adequate legal support. See Office of Personnel Mgmt. v. Richmond, 496 U.S. 414, 434 (1990); see also Koyen v. Office of Personnel Mgmt., 973 F.2d 919, 921-22 (Fed. Cir. 1992). Because the Board's decision is in full accord with law, this court affirms.